In the mrtter of Zinn.

# U. S. SUPREME COURT.

In the matter of WILLIAM G. ZINN and others, bankrupts.

The mere fact of *relationship* in the ninth degree, or a less degree, on the part of a proposed *trustee* to a bankrupt or to a *creditor*—even the largest in amount of a bankrupt, or to a proposed member of the *committee* to such creditor or to the *bankrupt*—cannot be regarded as a disqualification, independent of any other facts which might concur with such relationship to make a confirmation of the resolution under section 43 of the Bankrupt act improper. (*This seems to overrule the decision in this same case.* 40 *How.*, 461.)

*Southern District of New York, February,* 1871.

J. S. L. CUMMINS, *for the resolution.*
A. C. FRANSIOLI, *for the opposing creditor.*

BLATCHFORD, *J.*—IN this case at the first meeting of creditors, eight creditors, who had proved their claims and whose claims amounted in the aggregate to $332,712 68 and to three fourths in value of the aggregate amount of all the claims proved, subscribed, under section 43 of the act, a resolution that it was for the interest of the general body of the creditors of the bankrupts that the estate of the bankrupts should be wound up and settled and distribution made among the creditors by trustees under the inspection and direction of a committee of the creditors, and nominating John H. Wyman as trustee and Samuel Wyman, jr., Henry Almy and George C. T. Seaman as the committee. Among the eight creditors are Herman D. Aldrich, to the amount of $188,866 88, who signs by the said Samuel Wyman, jr., as his attorney; the said Samuel Wyman, jr., to the amount of $14,985 36; the said George C. T. Seaman, to the amount of $64,942 45,

and the firm of which the said Henry Almy is a member, to the amount of $4,500. The said Herman D. Aldrich is the uncle of two of the bankrupts. The wife of the said Herman D. Aldrich is the cousin of the said John H. Wyman and the sister of the said Samuel Wyman, jr. The said Herman D. Aldrich is now in a lunatic asylum as a patient for his health, but has not been adjudged a lunatic by any legal proceedings, nor has any committee of his person or estate been appointed. The said Samuel Wyman, jr., acted as the attorney for the said Herman D. Aldrich in proving the said claim of the said Herman D. Aldrich and in voting for said resolution, in pursuance of a power of attorney executed by said Herman D. Aldrich in January, 1870, when he was of sound mind.

John H. Wyman, the proposed trustee, is, therefore, related by consanguinity and affinity in the fifth degree to Herman D. Aldrich, and in the ninth degree to the two bankrupts, who are the nephews of Herman D. Aldrich. Samuel Wyman, jr., is related by consanguinity and affinity in the third degree to Herman D. Aldrich and in the second degree to the two bankrupts, who are the nephews of Herman D. Aldrich, and in the fourth degree to John H. Wyman.

A creditor who has proved his debt, and who did not vote for or sign the resolution, objects to its confirmation by the court, on the ground of the relationships and the other facts thus stated.

The mere fact of relationship in the ninth degree, or a less degree, on the part of a proposed trustee to a bankrupt, or to a creditor, even the largest in amount of a bankrupt, or to a proposed member of the committee to such creditor, or to the bankrupt, cannot be regarded as a disqualification. Other facts, indeed, may concur with such relationships to make a confirmation improper. But, in the present case, there are no such facts. The three persons named as the members of the committee are all of them creditors, the aggregate of their claims being more than $84,000. Samuel Wyman, jr.,

is the attorney of the largest single creditor. The theory of the provisions of the 43d section is, that three-fourths in value of the creditors who have proved their debts shall designate the trustee and the committee. The persons designated in the present case are gentlemen of high character and standing, free from all reproach. Nothing appears to indicate that they will act in the interest of the bankrupts at the expense of the creditors. John H. Wyman and Samuel Wyman, jr., are more nearly related to the principal creditor than they are to the bankrupts. The trustee is required by the 43d section of the act to wind up and settle the estate for the equal benefit of all the creditors, and is at all times subject to the direction of the court in executing his trust. There is nothing to warrant the suggestion that the bankrupts procured the creditors to make these appointments, or that they are made in the interest of the bankrupts as against the creditors.

Mr. Seaman, although a resident of New Jersey, has a place of business in the city of New York, which he frequents daily.

The questions raised in regard to the power of attorney from Herman D. Aldrich to Samuel Wyman, jr., and to the insanity of Herman D. Aldrich, I do not consider, for the reason that if the claim of Herman D. Aldrich be stricken out from the signatures to the resolution, it must likewise be stricken out from the debts proved, and there would thus still be signatures to the resolution of creditors to three-fourths in value of the debts proved. Notwithstanding the appointment of a trustee and the assignment of the estate to him, the claim of any creditor may be investigated under section 22 and the bankrupt and other persons may be examined under section 26.

The resolution passed by the creditors will be confirmed when the register shall have signed the proper certificate under Form No. 63.